IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY ROSENBERG, | : | |
| Individually and on behalf of all | : | CIVIL ACTION |
| others similarly situated | : | |
| | : | |
| v. | : | |
| | : | |
| AVIS RENT A CAR SYSTEM, INC. | : | NO. 07-1110 |
| | : | |

**M E M O R A N D U M / O R D E R**

**L. Felipe Restrepo**
**United States Magistrate Judge**                    **July 31, 2007**

        Defendant Avis Rent A Car System, Inc. moves this Court to dismiss this class

action complaint.  For the reasons given below, defendant's motion is denied in part and

granted in part.

## I.    BACKGROUND

        In March of 2007, plaintiff Larry Rosenberg filed an action in the United States

Court for the Eastern District of Pennsylvania, requesting damages as well as injunctive

relief on behalf of himself and "all individuals or entities who rented vehicles from

Defendant Avis over the last four (4) years."  Doc. 1 at 2.  The complaint asserts

violations of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73

Pa. Cons. Stat. Ann. § 201-1 to 201-9.3, and "all pertinent regulations and applicable case

law and all other Consumer Fraud Acts from around the United States of America . . . ."[1]

---

[1] Plaintiff misidentified in his complaint the applicable Pennsylvania law as the
"Pennsylvania Consumer Fraud Act, 73 P.S. § 201," Doc. 1 at 5-6, but correctly refers to
the Unfair Trade Practices and Consumer Protection Law in his Memorandum of Law in
Opposition to Defendant's Motion to Dismiss, at 13.

Doc. 1 at 5-6.  The complaint also asserts negligent misrepresentation on the part of

defendant Avis.  Doc. 1 at 8.

Specifically, Rosenberg alleges that defendant Avis "engaged in a pattern and

practice of deceiving customers by charging a $.54 per day vehicle license fee and a

$3.95 per day customer facility fee charge" without disclosing the charges to Rosenberg

and all others similarly situated, which had the effect of "making consumers believe they

were renting a vehicle at a stated price as quoted at time of rental . . . ."  Doc. 1 at 4.

Defendant Avis filed a Motion to Dismiss plaintiff's complaint pursuant to

Federal Rules of Civil Procedure 9(b) and 12, and Local Rule 7.1.  Defendant challenges

the complaint on the basis of (1) subject matter jurisdiction, (2) the vagueness of the class

action allegations, (3) the failure to plead fraud with sufficient particularity, (4) failure to

state a claim for which relief may be granted, and (5) plaintiff's invalid attempt to join

putative class members who cannot assert violations under the UTCPCL.  Doc. 11 at 5-

15.

Both parties reference the requirements for class certification in their briefs.

Federal courts do not "require or encourage premature certification determinations,"

Weiss v. Regal Collections, 385 F.3d 337, 347 (3d Cir. 2004), as it may be necessary for

courts to "probe behind the pleadings before coming to rest on the certification question."

Newton v. Merrill Lynch, Pierce, Fenner & Smith, 259 F.3d 154, 166 (3d Cir. 2001),

quoting Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 160 (1982); see 7B Charles Alan

Wright & Arthur R. Miller, Federal Practice and Procedure § 1785.3 (1969) ("[C]ourts

frequently have ruled that discovery relating to the issue whether a class action is

appropriate needs to be undertaken before deciding whether to allow the action to

proceed on a class basis.").  As discussed *infra* at Section II(B), issues related to class certification will be more appropriately adjudicated when plaintiff submits his formal Motion for Class Certification.[2]  Therefore, this order applies solely to defendant's Motion to Dismiss.

## II.   DISCUSSION

### A.   Subject Matter Jurisdiction:

The Class Action Fairness Act grants federal courts original and removal jurisdiction over any class action where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," 28 U.S.C. § 1332(d)(2); any plaintiff is diverse from any defendant, id. at § 1332(d)(2)(A) & ©; and the number of class members is at least one hundred, id. at § 1332(d)(5)(B).  Once challenged, the party seeking to invoke the jurisdiction of the federal courts has the burden of proving its existence.  Atuahene v. Sears Mort. Corp., 2000 U.S. Dist. WL 134326, at *4 (E.D. Pa. Feb. 4, 2000), citing Gibbs v. Buck, 307 U.S. 66, 72 (1939) and Bryfogle v. Carvel Corp., 666 F. Supp. 730, 732 (E.D. Pa. 1987).  Where disputes over factual matters are involved, "the party alleging jurisdiction [must] justify his allegations by a preponderance of the evidence."  Samuel-Bassett v. KIA Motors America, 357 F.3d 392, 397 (3d Cir. 2004) (quotation omitted), quoting McNutt v. Gen. Motors Accept. Corp. of Indiana, 298 U.S. 178, 189 (1936).

---

[2] Per the June 5, 2007 scheduling order, plaintiff must file a Motion for Class Certification no later than November 1, 2007 and defendant Avis must respond no later than November 20, 2007.  Doc. 16 at 1.

**1.   Amount in Controversy**:

Defendant Avis contends that this Court lacks subject matter jurisdiction over the controversy because plaintiff offers "only the conclusory allegations" that the amount in controversy exceeds $5,000,000 and the number of proposed plaintiff classes in the aggregate is more than 100.  Doc. 11 at 3-4.  Rosenberg responds that he has sufficiently established federal subject matter jurisdiction in his pleadings.  Doc. 17 at 4-7.

The Supreme Court has held that federal courts will ordinarily accept a plaintiff's allegation that the amount in controversy exceeds the jurisdictional threshold.  Atuahene, 2000 WL 134326, at *4, citing McNutt, 298 U.S. at 189.  However, the complaint must allege facts sufficient to determine whether the jurisdictional amount has been satisfied and not plead an amount solely to obtain federal court jurisdiction.  Atuahene, 2000 WL 134326, at *4.  The burden is therefore on the plaintiff to prove to a legal certainty that the amount in controversy exceeds the statutory threshold.  Morgan v. Gay, 471 F.3d 469, 474 (3d Cir. 2006).

In his complaint, Rosenberg states that federal jurisdiction is proper because the "value in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and this is a Class Action."  Doc. 1 at 2.  The complaint specifies that defendant Avis deceptively charged Rosenberg and all others similarly situated a total of $4.49 per day and that "[e]ach class member's claim arises from the identical course of events and each class member makes similar legal and factual arguments."  Doc. 1 at 3.  The complaint explains that "[t]housands of people from all over the United States, and beyond, have

4

suffered thinking they were renting vehicles at a stated price, when in fact they were charged additional undisclosed fees and finance charges."  Doc. 1 at 2.

     In response to defendant's Motion to Dismiss for lack of subject matter jurisdiction, Rosenberg cites print-outs from defendant Avis's web site, attached to his reply brief as "Exhibit B."[3]  Rosenberg points out that Avis calls itself "one of the 'world's leading car rental brands' renting a number of vehicles per day, every day of the year in more than 1,100 locations with a fleet of nearly 215,000 vehicles."  Doc. 17 at 6, quoting Doc. 17 at Exhibit B, "About Avis."  Rosenberg points out that Avis "processes at least sixteen [( )16[)] million transactions annually, three quarters of which are done over a medium other than the internet, equaling twelve (12) million transactions."  Doc. 17 at 6.  Rosenberg proceeds to calculate the product of twelve million transactions multiplied by approximately $4.00 per day, which equals $48,000,000—well beyond the $5,000,000 threshold.  Id.

     Defendant Avis points out that "[t]here is absolutely nothing in the Internet print-outs upon which Plaintiff relies to support the proposition that three-quarters of Avis' annual transactions are done over a medium other than the Internet."  Doc. 18 at 3 (quotations omitted).  Upon carefully reviewing Exhibit B, this Court agrees that plaintiff does not provide any factual or evidentiary basis for claiming that three-quarters of the 16 million transactions conducted each year by Avis are performed over a medium other than the Internet.

---

[3] This Court accepts as true all factual allegations in the complaint and draws all inferences from the facts alleged in the light most favorable to the plaintiff.  Worldcom v. Graphnet, 343 F.3d 651, 653 (3d Cir. 2003).  In support of the veracity of Exhibit B, this Court notes that the copyright at the bottom of each printed web page is dated 2007.  Furthermore, the first sentence of the web page called "Quotable Facts" calls the compilation of assorted statistics "an index that will be periodically updated to keep it as fresh as a newly rented Avis car."  Doc. 17 at Exhibit B.

This Court also agrees with Avis's observation that plaintiff's own Exhibit B clearly indicates Avis's presence in Canada, Australia, New Zealand, Latin America, and the Caribbean.  Doc. 18 at 4, <u>citing</u> Doc. 17 at Exhibit B, "About Avis" and "Corporate Facts."  Rosenberg's complaint only alleges violations of United States law, but his calculations do not consider that, according to plaintiff's Exhibit B, approximately 44% of Avis locations are outside the United States.  Doc. 17 at Exhibit B, "Corporate Facts." There is no reason to believe, based on the factual allegations and supporting materials submitted to this Court, that all of the touted 16 million annual transactions took place in the United States.

This Court nevertheless finds that Rosenberg has sufficiently pleaded allegations to justify federal jurisdiction over the amount in controversy.  Given the wide scale of defendant Avis's domestic rental business, as well as the likelihood that more than an insignificant number of transactions occurred via a medium other than the Internet, Rosenberg has shown "to a legal certainty" that he would not recover less than the jurisdictional amount.  <u>Ardrey v. Federal Kemper Ins. Co.</u>, 798 F. Supp. 1147, 1149 (E.D. Pa. 1992).  Equally persuasive is the fact that plaintiff's complaint applies to a four-year period, which would undoubtedly cover a substantial number of non-Internet transactions.[4]  Doc. 1 at 2.  I therefore find that Rosenberg has provided this Court with "all the information available to make . . . a determination . . . that the plaintiff's claim in all likelihood exceeds $5 million."  <u>Morgan</u>, 471 F.3d at 475.

---

[4] While the exact period in controversy is unclear from plaintiff's complaint and reply brief, as discussed <i>infra</i>, I interpret the complaint in the light most favorable to plaintiff for purposes of subject matter jurisdiction and adhere to the initial declared period of four years found in paragraph 3 of the complaint.  Doc. 1 at 2.

**2.  Size of Putative Class**:

Defendant Avis also argues that plaintiff fails to support the allegation that "[t]housands of people from all over the United States may purportedly make up the putative class."  Doc. 11 at 3-4 (quotations omitted).  The Class Action Fairness Act provides that federal jurisdiction over a class action is not appropriate where "the number of members of all proposed plaintiff classes in the aggregate is less than 100."  28 U.S.C. § 1332(d)(5).  Defendant argues that because Rosenberg has not sufficiently alleged facts to show more than 100 plaintiff classes in the aggregate, federal subject matter jurisdiction is not warranted and the claim must therefore be dismissed.  Doc. 11 at 3-4.

As discussed above, Rosenberg has made submissions as to the scope of defendant Avis's operations.  Doc. 17 at 6.  Despite my reservations regarding plaintiff's statistical analysis of the information in Exhibit B, I am persuaded by Rosenberg's argument that, as one of the largest car rental companies in the United States, defendant Avis "definitely has more than 100 customers who rented their vehicles by telephone" over a four year period.  Doc. 17 at 7.  Thus, I conclude that Rosenberg has met his burden of showing "to a legal certainty" that the Class Action Fairness Act's class size requirements have been met.  28 U.S.C. § 1332(d)(5)(B).

For the aforementioned reasons, defendant Avis's Motion to Dismiss for lack of subject matter jurisdiction is denied.

B.      **Vagueness of Class Action Allegations**:

Defendant next challenges Rosenberg's complaint on the grounds of "vague and conclusory class action allegations that cannot satisfy the standards of Federal Rule of Civil Procedure 23."  Doc. 11 at 7.  Rosenberg responds that defendant's Motion to Dismiss should not be used as a "vehicle for preempting a certification motion . . . ." Doc. 17 at 9, quoting Brothers v. Portage National Bank, 2007 U.S. Dist. WL 965835, at *7 (W.D. Pa. Mar. 29, 2007).

The Federal Rules of Civil Procedure ("the Rules") require plaintiffs to plead "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Weston v. Pennsylvania, 251 F.3d 420, 429 (3d Cir. 2001).  The Rules "do not require a claimant to set out in detail the facts upon which he bases his claim."  Id.  Furthermore, a complainant "need not plead law or match facts to every element of a legal theory."  Krieger v. Fadely, 211 F.3d 134, 136 (D.C. Cir. 2000).

Rule 23© specifies the method for class certification, requiring courts to "determine by order whether to certify the action as a class action" at "an early practicable time."  Fed. R. Civ. P. 23(c)(1)(A).  The certification order must "define the class and the class claims, issues, or defenses, and must appoint class counsel under Rule 23(g)."  Id. 23(c)(1)(B).  The Local Rules of Civil Procedure ("the Local Rules") require that class action complaints reference the "potion or portions of [Rule] 23 under which it is claimed that the suit is properly maintainable as a class action," among other things. E.D. Pa. R. Civ. P. 23.1(b)(1).  However, the Local Rules also require that plaintiffs

"move for a determination under subdivision (c)(1) of Fed. R. Civ. P. 23[] as to whether the case is to be maintained as a class action" within ninety days of filing the complaint. E.D. Pa. R. Civ. P. 23.1©.  Following plaintiff's motion to certify the class, the court "may allow the action to be so maintained, may disallow and strike the class action allegations, or may order postponement of the determination pending discovery or such other preliminary procedures as appear to be appropriate and necessary in the circumstances."  Id.

Defendant Avis seeks for this Court to overlook the "extremely lenient requirement of notice pleading," Weston, 251 F.3d at 430, simply because Rosenberg filed a class action complaint.  Rosenberg's complaint is in compliance with federal pleading requirements, supplying a "short and plain statement" regarding jurisdiction and entitlement to relief as well as a demand for favorable judgment.  Fed. R. Civ. P. 8(a). The complaint is also in compliance with the Local Rules, referencing the portions of Federal Rule 23 under which the suit is properly maintainable as a class action. See Doc. 1 at 2-4; see also E.D. Pa. R. Civ. P. 23.1(b)(1).  Defendant seizes on Rosenberg's complaint as an opportunity to attack the merits of the class itself, but that discussion will be appropriate when Rosenberg files his Motion for Class Certification.

For these reasons, defendant's Motion to Dismiss on the basis of vague and conclusory class action allegations is denied. [5]

---

[5] For similar reasons, I reject defendant's argument that the complaint should be dismissed with respect to non-Pennsylvania residents.  See Doc. 11 at 15-16.  While plaintiff asserts the UTPCPL as the basis for his consumer fraud claim, he also notes his intention to sue under the laws of other states.  See Doc. 1 at 6.  This matter will be best adjudicated upon submission of plaintiff's Motion for Class Certification.

9

C.      **Failure to Plead the UTPCPL Violation with Particularity**:

Defendant next argues that Rosenberg fails to plead the alleged violation of the

UTPCPL with sufficient particularity, as required by Rule 9(b).  Rosenberg responds that

he has fully complied with Rule 9(b), but he requests leave to amend the complaint if this

Court disagrees.

Both parties agree that Rule 9(b) requires a heightened level of specificity when

pleading fraud.  It states, in part, that "[i]n all averments of fraud or mistake, the

circumstances constituting fraud or mistake shall be stated with particularity."  Fed. R.

Civ. P. 9(b).  Federal courts have analogized fraud pleading to "the first paragraph of any

newspaper story," requiring "the who, what, when, where, and how" of the

circumstances.  DiLeo v. Ernst & Young, 901 F.2d 624, 627 (11th Cir. 1990); see In re

Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1422 (3d Cir. 1997); Kanter v.

Barella, 2007 U.S. Dist. WL 1519894, at *2 (3d Cir. May 25, 2007).  However, "focusing

exclusively on [the Rule's] 'particularity' language is too narrow an approach and fails to

take account of the general simplicity and flexibility contemplated by the rules."  Id. at

100 (quotations omitted), quoting 5 Wright & Miller, supra, § 1298, at 407 (1969).

Rule 9(b) "applies not only to fraud actions under federal statutes, but to fraud

claims based on state law."  Christidis v. First Pa. Mortg. Trust, 717 F.2d 96, 99 (3d Cir.

1983).  In order to properly state a UTPCPL claim in Pennsylvania courts—and

consequently in federal courts applying the state law via diversity jurisdiction—"a

plaintiff must plead the following elements with particularity: (1) a specific false

representation of material fact; (2) knowledge by the person who made it of its falsity; (3)

ignorance of its falsity by the person to whom it was made; (4) the intention that it should

10

be acted upon; and (5) that the plaintiff acted upon it to his damage." Fass v. State Farm Fire & Cas. Co., 2006 U.S. Dist. WL 2129098, at *2 (E.D. Pa. July 26, 2006), quoting U.S. ex. rel. Atkinson v. Pa. Shipbuilding Co., 255 F. Supp. 2d. 351, 407 (E.D. Pa. 2002); see Lutzky v. Petcove, 2006 U.S. Dist. WL 2456466, at *2 (E.D. Pa. Aug. 21, 2006). However, the application of Rule 9(b) is relaxed "when the factual information regarding the alleged fraud is within the defendant's control." Christidis, 717 F.2d at 99-100.

Upon reviewing the complaint and all subsequent documents submitted in this matter, I find that Rosenberg has failed to plead a violation of the UTPCPL with the particularity required by Rule 9(b) and Third Circuit precedent. The fraud allegations are vague, include internal contradictions, and failure to address specific elements of common law fraud. For example, Rosenberg fails to allege with particularity that defendant Avis or its representative had *knowledge* of the falsity of the alleged representation. The complaint does not provide the exact or even the approximate date of the alleged fraudulent transaction between Avis and Rosenberg. In addition, while one section of the complaint alleges fraudulent behavior for a period of four years, Doc. 1 at 2, another section alleges fraudulent behavior "[t]hroughout the relevant period, since at least 2006, but possibly before (which will be confirmed through discovery) . . . ." Doc. 1 at 3. Plaintiff's reply brief alleges fraudulent practices for "nearly six (6) years." Doc. 17 at 6.

Count I of Rosenberg's complaint does provide a litany of legal terms, assailing Avis's "unconscionable commercial practices, deceptions, frauds, false pretenses, false promises, misrepresentations or concealment, suppression, or omission of material facts with the intent that Plaintiff Larry Rosenberg and members of the class rely upon such

11

concealment, suppression or omission in connection with the rental of a vehicle and are unlawful under the Act."  Doc. 1 at 7.  This list of accusations, unaccompanied by the substance of specific factual allegations that fit the elements of common law fraud, does not meet the Rule 9(b) requirement of specificity in fraud pleading.

In so deciding, I plainly disagree with Rosenberg's contention that he has "fully complied with Rule 9(b)" by stating in his complaint that "he was told a rental car would be a certain price, and upon receiving his bank statement he realized that Defendant Avis had deceptively added charges to his bill."  Doc. 17 at 14.  I also disagree with plaintiff that his vague UTPCPL allegations should be allowed to proceed because "much of the information is contained within [defendant Avis's] internal business operations" which could only be revealed upon discovery, Doc. 17 at 15, nor do I find that the "factual information is peculiarly within the defendant's knowledge or control."  Id., citing Craftmatic Sec. Litig. v. Kraftsow, 890 F.2d 628, 645 (3d Cir. 1989).  While "[i]t is the function of discovery to fill in the details," Seville Indus. Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 790 (3d Cir. 1984), citing Wright & Miller, supra, § 1215, plaintiff nevertheless has an obligation at the outset of his claim to plead the factual circumstances of the transaction that precipitated Rosenberg filing the class action complaint.  Such a pleading would undoubtedly describe the outward conduct of both parties during the transaction—information that is surely within Rosenberg's knowledge. [6]

---

[6] Defendant's argument regarding Rosenberg's duty to disclose further illustrates the Rule 9(b) deficiencies in Rosenberg's complaint.  The factual allegations of the complaint do not make clear whether Rosenberg is pleading fraud by *omission*, or fraud by *misrepresentation*, or both.  Avis seizes on this ambiguity and categorizes Rosenberg's allegation as fraud by omission, arguing that plaintiff did not establish a duty to disclose in his original complaint and that the complaint should therefore be dismissed.  Doc. 11 at 12-13.  Rosenberg appears to agree with defendant's

Defendant's motion to dismiss for failure to plead fraud with particularity is granted, and Rosenberg is hereby provided 30 days from the date of this order to amend and resubmit his complaint in compliance with this order.  See Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002); Novinger Group Inc. v. Hartford Ins., 2007 U.S. Dist. WL 1450396, at *4 (M.D. Pa. May 16, 2007).

---

characterization, arguing that plaintiff and defendant were in a fiduciary relationship at the time of the transaction, so there indeed was a duty to disclose.  Doc. 17 at 17.

Despite the ambiguity in Rosenberg's complaint, this Court finds no binding authority to support defendant's argument that a plaintiff must plead the duty to disclose in a fraud action.  Pennsylvania precedent requires that UTPCPL complaints plead the elements of common law fraud, which do *not* include the duty to disclose in the case of an omission.  To support this line of argument, defendant cites a number of cases from federal district courts in Pennsylvania.  See Doc. 11 at 13.  These cases all define the duty to disclose in various contexts, from securities to fraud allegations, but none of the cases states that UTPCPL fraud complaints must plead the duty to disclose.  See Lutsky, 2006 WL 2456466; Antinoph v. Laverell Reynolds Sec., 703 F. Supp. 1185 (E.D. Pa. 1989); Sunquest Info. Sys. v. Dean Witter Reynolds, 40 F. Supp. 2d 644 (W.D. Pa. 1999).

13

### III.    CONCLUSION

Because the allegations of fraud were not plead with particularity, as required by Rule 9(b), defendant's motion to dismiss for failure to plead fraud with particularity is granted.  Plaintiff Rosenberg is hereby provided 30 days from the date of this order to amend and resubmit his complaint in compliance with this order.

Defendant's motions to dismiss for lack of subject matter jurisdiction, vague and conclusory class action allegations, and failure to state a claim for which relief can be granted are denied.

An appropriate Order follows.


 /s/ L. Felipe Restrepo
L. Felipe Restrepo
United States Magistrate Judge

14